[Cite as *Shamblin v. Bob Evans Farms, L.L.C.*, 2020-Ohio-4238.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| LAWRENCE SHAMBLIN | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2020-CA-4 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-256 |
| | : | |
| BOB EVANS FARMS, LLC, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of August, 2020.

. . . . . . . . . . .

DAVID L. DELK, JR., Atty. Reg. No. 0074538, 44½ 15th Street, Wheeling, West Virginia 26003
      Attorney for Plaintiff-Appellant

JONATHAN R. VAUGHN, Atty. Reg. No. 0022897 and MICHAEL J. SHOENFELT, Atty. Reg. No. 0091154, 52 East Gay Street, Columbus, Ohio 43216
      Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Plaintiff-Appellant, Lawrence Shamblin, appeals from a summary judgment rendered in favor of Defendant-Appellee, Bob Evans Farms, LLC. ("Bob Evans") on Shamblin's claims for wrongful termination in violation of public policy, promissory estoppel, and disability discrimination. According to Shamblin, the trial court erred in granting summary judgment in Bob Evans' favor, because the court failed to let Shamblin conduct discovery after Bob Evans' motion to dismiss was converted to a motion for summary judgment.

**{¶ 2}** We conclude that the trial court's failure to timely rule on Shamblin's Civ.R. 56(F) motion for a continuance was an abuse of discretion. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings.

## I. Facts and Course of Proceedings

**{¶ 3}** On April 24, 2017, Shamblin filed a complaint against Bob Evans, alleging that the company had wrongfully terminated his employment as a truck driver on January 6, 2017.[1] According to the complaint, Shamblin had been employed by Bob Evans from December 2013 until his termination. After suffering a work-related shoulder injury in November 2015, Shamblin took a medical leave of absence on April 11, 2016. During his leave, Shamblin underwent multiple surgeries and rehabilitation in an effort to return to work.

**{¶ 4}** The complaint alleged that Bob Evans had a policy, in effect since 2009,

---

[1] Bob Evans noted in the trial court and here that Shamblin should have sued Bob Evans Transportation, LLC, which was Shamblin's employer. While Bob Evans stated that it was willing to have Shamblin substitute the proper defendant, this never occurred. *See* June 26, 2017 Motion to Dismiss of Defendant Bob Evans Transportation Company, LLC, p. 1, fn. 1.

allowing employees one year of medical leave without a loss of benefits. However, Bob Evans terminated Shamblin on January 6, 2017, because he had not yet returned to work. Shamblin alleged in the complaint that he would have been able to return to work within one year of April 11, 2016, and that Bob Evans had fired him in violation of public policy. As noted, Shamblin also alleged promissory estoppel and disability discrimination in violation of R.C. 4112.02.

{¶ 5} Bob Evans filed a motion to dismiss on June 24, 2017. However, Bob Evans attached an affidavit and other documents to the motion. Bob Evans acknowledged that it once had a policy allowing 52 weeks of medical leave during employment. However, on April 1, 2016, Bob Evans changed the policy to permit only 26 weeks of medical leave. Consequently, on December 23, 2016, Bob Evans informed Shamblin that the maximum time available under the leave policy had been exhausted, and threatened to terminate him if he were not then able to return to work. Motion to Dismiss, Affidavit of Cheryl Ribble, ¶ 5-6, and Ex. 2 attached to the affidavit.

{¶ 6} Subsequently, Shamblin's attorney notified Bob Evans that Shamblin had undergone further surgery on December 30, 2016, would have a recovery period of about eight weeks, and would be able to return to work prior to April 11, 2017, which was the one-year anniversary of his medical leave date. Shamblin's attorney also argued that the employee handbook provided for a year of medical leave without the loss of benefits, and asserted Shamblin's entitlement to that time period. *Id.* at Ex. 2, p. 1-2. As indicated, Shamblin was fired when he failed to return to work at the time Bob Evans had specified. Shamblin then initiated suit.

{¶ 7} On July 5, 2017, Shamblin filed a memorandum opposing Bob Evans' motion

to dismiss. In the memorandum, Shamblin asserted that the trial court should either ignore the attachments to the motion to dismiss or convert the motion to one for summary judgment, since Bob Evans had included matters that were outside the complaint. Shamblin also stated that he was willing to substitute Bob Evans Trucking, LLC, as a defendant, although that never occurred. Bob Evans then filed a reply to Shamblin's memorandum on July 16, 2017.

{¶ 8} For reasons that are not apparent in the record, the trial court did not rule on the motion to dismiss. Nothing appears in the record until March 8, 2018, nearly eleven months after the complaint was filed, when Shamblin asked the court for a scheduling conference. The record does not indicate that the court ever responded to this request. However, a few days later, on March 12, 2018, the trial court filed a brief entry converting the motion to dismiss into a summary judgment motion. The court then gave Bob Evans five days to file any supplemental materials or arguments; Shamblin was given 10 days from the date of the entry to file any additional materials or arguments.

{¶ 9} Bob Evans did not submit any further materials or arguments. However, Shamblin did file a supplemental response on March 27, 2018. In this response, Shamblin stated that he had not yet had the opportunity to conduct discovery, and that Bob Evans had not yet filed an answer. Shamblin therefore asked for a Civ.R. 56(F) continuance to conduct discovery. On April 3, 2018, Bob Evans opposed the Civ.R. 56(F) request, noting that Shamblin had failed to attach an affidavit as required by the rule. Shamblin then filed a reply memorandum and attached an affidavit.

{¶ 10} For reasons that are not apparent in the record, the trial court did not rule on the Civ.R. 56(F) request for a continuance for almost 18 months (i.e., until December

12, 2019), when the court filed its summary judgment decision. In the meantime, Shamblin sent his first set of interrogatories and request for production of documents to Bob Evans on June 14, 2018. Within two weeks thereafter, Bob Evans filed a motion for protective order, asking for a stay of discovery pending resolution of its motion to dismiss. As with the Civ.R. 56(F) request, the trial court did not rule on Bob Evans' motion for a protective order until December 12, 2019, in its summary judgment decision, when it deemed that the motion was moot.

{¶ 11} On August 13, 2018, Shamblin filed his own responses to interrogatories and a request for production of documents that Bob Evans had given to him. Nothing more occurred in the case until May 8, 2019, when Shamblin filed a motion to compel answers to his discovery requests; Bob Evans had previously answered in July 2018, but its answers consisted of objections to every question and request, as "unduly burdensome in light of its pending dispositive motion." Motion for Order Compelling Discovery, Ex. A, p. 3-7. This extended even to disclosure of what witnesses Bob Evans intended to call at trial. Bob Evans also refused to answer the discovery requests based on its pending motion for protective order. *Id.*

{¶ 12} On May 20, 2019, Bob Evans responded to Shamblin's motion to compel, asserting that it was not required to answer discovery requests due to its pending motion for a protective order and the "fully briefed" motion for summary judgment. Bob Evans' Opposition to Motion to Compel, p. 3. Again, the trial court made no ruling on the motion to compel, other than commenting in its December 12, 2019 summary judgment decision that the motion was "moot by implication." Decision, Entry & Order, p. 5.

{¶ 13} As indicated, the trial court granted summary judgment to Bob Evans on

December 12, 2019, and Shamblin then filed a notice of appeal.

## II.  Was Summary Judgment Appropriate?

{¶ 14} Shamblin's sole assignment of error states:

The Trial Court Erred in Granting Summary Judgment in Favor of the

Appellee in Its December 12, 2019 Decision, Entry, & Order.

{¶ 15} Under this assignment of error, Shamblin does not challenge the merits of the trial court's summary judgment decision.   Rather, Shamblin argues that the trial court erred in rendering summary judgment without allowing him to conduct any discovery to defend against the summary judgment motion after the court had converted it from a motion to dismiss.   In responding to this argument, Bob Evans makes several claims: (1) Shamblin failed to properly support his Civ.R. 56(F) motion; (2) Shamblin's lack of diligence supported the trial court's denial of the request for a continuance; (3) we should not consider any discussion by Shamblin of the merits of summary judgment, because he failed to raise this in his opening brief; and (4) summary judgment was appropriate on the facts, anyway, for the reasons Bob Evans stated in the trial court (and on which it did not elaborate in its appellate brief).   Shamblin did not file a reply brief.

{¶ 16} As indicated, Bob Evans filed a motion to dismiss the complaint under Civ.R. 12(B)(6) for failure to state a claim.   "In order to dismiss a complaint for failure to state a claim upon which relief may be granted, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.' "   *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, ¶ 13, quoting *O'Brien v. Univ. Comm. Tenants*

*Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. In such situations, the court "must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988).

{¶ 17} However, Civ.R. 12(B) also provides that:

When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56.

{¶ 18} A "reasonable opportunity to present all materials made pertinent" to the motion requires courts to give the parties notice of the conversion, and the notice (under the then-existing provisions of the rule) must occur at least 14 days before the hearing mandated by Civ.R. 56. *Petrey v. Simon*, 4 Ohio St.3d 154, 155, 447 N.E.2d 1285 (1983), paragraphs one and two of the syllabus. *Petrey* stressed that additional time is required to insure a fair process, based on the need to prepare legal and factual arguments, as well as affidavits. In addition, the " 'results of failure are drastic * * *.' " *Id.* at 157, quoting Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ. 6-7, Section 2719 (1983).

{¶ 19} At present, Civ.R. 56 has no hearing requirement, due to the recognition

that most courts do not conduct oral hearings on motions. *See* Civ.R. 7(B)(2) and 2015 Staff Notes to Civ.R. 6 and Civ.R. 56 (noting that the reference to the "time fixed for hearing" had been eliminated). Nonetheless, the applicable period for responding under the rules when the court filed its March 2018 entry was still 14 days. *See* Civ.R. 6, Civ.R. 56, and Clark County Common Pleas Court Loc.R. 2.05(II)(B).[2] Based on these rules, the trial court's provision of only a 10-day response period was clearly inadequate.

**{¶ 20}** In July 2019, or shortly after the trial court's entry, amendments to the Ohio Civil Rules eliminated the 14-day period for filing responses to summary judgment motions. The correct time is now governed by Civ.R. 6(C)(1), which states that:

> Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

**{¶ 21}** Clark County's Local Rules still provide for a shorter deadline of 14 days for filing responses to summary judgment motions. *See* Clark County Common Pleas Court Loc.R. 2.05(II)(B). However, the 2019 staff notes to Civ.R.6(C) stress that:

> The provisions of Division (C)(1) supersede and replace the differing deadlines for responding to motions imposed by the numerous local rules of Ohio trial courts, thereby eliminating confusion and creating consistency by providing uniform statewide deadlines. The division establishes a twenty-eight-day deadline for service of responses to motions for summary

---

[2] At that point, Civ.R. 56 allowed a fallback period of 28 days if courts did not have a local rule. *See* Staff Note to July 15, 2015 amendments to Civ.R. 56. However, Clark County did have a local rule allowing 14 days.

judgment, and a fourteen-day deadline for service of responses to all other motions. A movant's reply to a response to any motion may be served within seven days after service of the response.

{¶ 22} This amendment was effective in July 2019, after the trial court converted the motion to dismiss to a summary judgment motion, but before the court's final judgment entry on December 12, 2019. However, regardless of the version of the Civil Rules in effect during the case, providing only a 10-day response period was clearly inadequate.

{¶ 23} Concerning Civ.R. 56(F) requests, once a party files an affidavit asking for a continuance, "the trial court has several alternatives. It may refuse the application for summary judgment; it may order a continuance to permit affidavits to be obtained in opposition to the motion for summary judgment; it may grant a continuance for further discovery; or it may make such other order as is just. These are all within the trial court's discretion and are not mandatory.' " *Gates Mills Inv. Co. v. Village of Pepper Pike*, 59 Ohio App.2d 155, 169, 392 N.E.2d 1316 (8th Dist.1978). *Accord Gregory v. Towne Properties, Inc.*, 2d Dist. Montgomery No. 26410, 2015-Ohio-443, ¶ 15.

{¶ 24} Because the matter is within the court's discretion, we review for abuse of discretion, which " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Decisions are unreasonable if no sound reasoning

supports the decision.   *Id.*

{¶ 25} Here, the trial court never ruled on the Civ.R. 56(F) motion until its final decision, when it found the motion moot.   The fact that the motion was moot was not based on unsound reasoning, as mootness was obvious at that point.   However, the trial court should have timely ruled on the motion, and we can find no sound or logical reason for the court's failure to do so.   As a result, the court abused its discretion.

{¶ 26} Furthermore, not only did the court fail to rule on the request for a continuance, it also failed to resolve the pending discovery issues.   Bob Evans' failure to answer even the most simple discovery requests should have been addressed.   And while Shamblin's attorney could have proceeded more diligently and could have filed a more complete affidavit, we find, under the unique circumstances of this case, that the affidavit was adequate for purposes of Civ.R. 56(F).

{¶ 27} The concept that cases should be decided on their merits been stressed in many different legal contexts.   *E.g. State ex rel. Busby v. O'Connell*, 2d Dist. Montgomery No. 26292, 2015-Ohio-1050, ¶ 5; *State Farm Mut. Auto. Ins. Co. v. Collins*, 2d Dist. Montgomery No. 14931, 1995 WL 723003, *1 (Dec. 6, 1995); *Harden v. City of Dayton*, 2d Dist. Montgomery No. 22072, 2008-Ohio-1599, ¶ 29; *Sutherland v. Trotwood/Madison Bd. of Educ.*, 2d Dist. Montgomery No. 19107, 2002 WL 472007 (Mar. 29, 2002); *William E. Weaner & Assocs., LLC v. 369 W. First, LLC*, 2d Dist. Montgomery No. 28399, 2020-Ohio-48, ¶ 76.   A decision on the merits did not occur here, and the trial court abused its discretion in failing to ensure that discovery was properly regulated.

{¶ 28}  In view of this finding, we need not address the remainder of Bob Evans' arguments.   Based on the preceding discussion, Shamblin's sole assignment of error is

sustained.

### III. Conclusion

{¶ 29} Shamblin's sole assignment or error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

David L. Delk, Jr.
Jonathan R. Vaughn
Michael J. Shoenfelt
Hon. Richard J. O'Neill