[Cite as *Neal v. Gersten*, 2024-Ohio-1405.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Stephen A. Neal, Jr. Treasurer of Ross County, Ohio, | : | Case No. 22CA11 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| Heidi Gersten, et al., | : | |
| | : | |
| Defendants-Appellants. | : | **RELEASED 4/12/2024** |
| | : | |

APPEARANCES:

Jeffrey Marks, Ross County Prosecutor, and Gabriel McCoard, Ross County Assistant Prosecutor, Chillicothe, Ohio for plaintiff-appellee.

Heidi Gersten, Lantana, Florida, pro se defendant-appellant.

Hess, J.

{¶1}   Heidi Gersten appeals the trial court's entry of a foreclosure in favor of plaintiff-appellee Stephen A. Neal, Jr., Treasurer of Ross County, Ohio.  The foreclosure decree granted judgment for the Treasurer and found Gersten liable for costs, taxes, special assessments, penalties, and interest in the sum of $9,909.46. The decree also stated that the Treasurer had a first and best lien on the property in that same amount. The trial court found that all the defendants had been duly served and that Gersten made an appearance through various filings but did not respond to the allegations in the complaint. It further found that the remaining defendants failed to appear, entitling the Treasurer to a default judgment.

{¶2} Gersten appealed and assigns nine errors for review. In her first two assignments of error, Gersten contends that after she filed a Civ.R. 12(B) motion to dismiss the complaint, the trial court (1) did not wait the allowed time to pass before denying it and (2) subsequently failed to order the clerk to serve the parties with the order and the clerk did not note service on the docket. In her third assignment of error, Gersten contends that she sought disqualification of the trial judge by filing an affidavit with the Supreme Court of Ohio and it was erroneously denied. In her fourth and fifth assignments of error, Gersten contends that she filed a Civ.R. 60(B) motion for relief from the order denying her Civ.R. 12(B) motion and the trial court (1) erred when it denied it without holding a hearing and (2) subsequently failed to order the clerk to serve the parties with the order and the clerk did not note service on the docket. The remaining four assignments of error concern the trial court's foreclosure decree. For her sixth assignment of error Gersten contends that the trial court erred in entering an entry of foreclosure when all defendants were not served with the complaint and Gersten was not served with previous orders in the case, nor were the orders docketed as served by the clerk. In her seventh assignment of error, Gersten contends that the trial court erred in entering the entry of foreclosure without holding a hearing on the damages alleged in the complaint. In her eighth assignment of error, Gersten contends the trial court erred when it failed to send her a copy of the entry of foreclosure before entering it, which she argues deprived her of an opportunity to review and object to it. Last, for her ninth assignment of error, Gersten contends that the trial court erred by failing to serve the entry of foreclosure on all parties and to note the service on the docket.

**{¶3}** We find that Gersten was properly served by certified mail with the summons and complaint. Therefore, her argument that the trial court lacked personal jurisdiction over her because she was not properly served is without merit. We find that Gersten was not entitled to a hearing on her Civ.R. 12(B)(2) motion to dismiss or her Civ.R. 60(B) motion to vacate the judgment. The trial court did not abuse its discretion in denying those motions without a hearing. However, we find that the trial court erred when it entered a default entry of foreclosure against Gersten without providing a notice and hearing. Gersten appeared in the case and was entitled to notice and a hearing in accordance with Civ.R. 55(A). Therefore, we vacate the entry of foreclosure. We find her related assignments of error concerning the docketing and service of that entry moot because we vacate that entry. Additionally, we find that she failed to comply with App.R. 12 and 16 in briefing her arguments concerning similar assignments of error related to the clerk of court docketing procedures and we disregard those assignments of error. Finally, we lack jurisdiction to review the Supreme Court of Ohio's denial of her disqualification application and dismiss that portion of her appeal.

**{¶4}** We reverse the judgment of the trial court, vacate the entry of foreclosure, and remand for a hearing in accordance with Civ.R. 55(A) and further proceedings consistent herewith.

## I.       FACTS AND PROCEDURAL HISTORY

**{¶5}** In September 2019, the Ross County Treasurer filed a foreclosure action against Gersten alleging that she was the property owner of real estate in Ross County that was subject to delinquent land taxes, penalties, special assessments, and interest due and unpaid in the sum of $6,822.19. The complaint alleged that two other defendants,

Kenneth Stanley and Yireh & Nissi Investment Co. Inc., may claim an interest in the property based upon recorded mortgages in 2013 in the sums of $60,000 and $30,000, respectively. The Treasurer asserted a first and best lien against the property in the sum of $6,822.19.

{¶6} Gersten and Stanley were served by certified mail and Yireh & Nissi Investment was served by regular U.S. mail after the certified mail was returned "Unclaimed." Gersten responded by filing a motion to dismiss under Civ.R. 12(B)(1) through (7). In her memorandum supporting her motion under Civ.R. 12(B)(2) (lack of personal jurisdiction), Gersten argued she had not been properly served with the summons and complaint and therefore the trial court did not have personal jurisdiction over her. She contended that she "heard of an action" and "went to a computer and located the action on the Court's website." Gersten did not provide facts or legal arguments to support her other purported Civ.R. 12(B) defenses. Gersten submitted affidavit testimony and a March 2019 letter from her to the Treasurer as an exhibit to support her Civ.R. 12(B) motion and she requested an oral hearing. The other two defendants did not file an answer or otherwise appear in the proceedings.

{¶7} The trial court denied Gersten's motion to dismiss. The trial court stated that it had reviewed the motion, the memorandum in support, the affidavit and letter, the complaint, and the case file, including the docket entries showing the certified mail service on Gersten and found her motion not well taken. It ordered Gersten to file an answer to the complaint within 14 days of the entry. Gersten did not file an answer. Thus, the Treasurer filed a motion for default judgment against all the defendants.

**{¶8}** In its motion for default judgment, the Treasurer stated that all the defendants had been served with the summons and complaint: Gersten and Stanley were served September 16, 2019 and Yireh & Nissi Investment was served October 1, 2019. The Treasurer explained that Gersten's motion to dismiss was denied on October 15, 2019 and she had failed to serve an answer within 14 days of the entry denying the motion. Therefore, the Treasurer argued it was entitled to a default judgment against all defendants in the sum of $6,822.19.

**{¶9}** Around the same time the Treasurer filed for a default judgment, Gersten filed an affidavit with the Supreme Court of Ohio seeking to have the trial judge disqualified. In the affidavit Gersten stated that she was the owner of the real estate that was the subject of the foreclosure action, but she had not been properly served with the complaint. She claimed that the trial judge was biased because he ruled on her motion to dismiss too quickly, "causing him to trespass on my rights as his grossly premature ruling is prima facia evidence" of his bias or prejudice against Gersten. She argued that "a neutral judge must permit both sides to be heard before ruling" – here the judge ruled before hearing the Treasurer's opposition to her motion. The Supreme Court of Ohio denied Gersten's application for disqualification.

**{¶10}** After her application for disqualification was denied, Gersten filed a Civ.R. 60(B) motion to vacate or declare as void the order denying the motion to dismiss "on the grounds that the order is void and/or voidable, made in the form of harmful reversible errors that may be corrected with a grant." Gersten also sought a telephonic hearing on the 60(B) motion. In her memorandum in support, she argued that the trial court disobeyed the Ohio Rules of Civil Procedure and Ross County Local Rules, which she

argued required the trial court to wait "at least twenty (21) [sic] days or three (3) weeks prior to submission to him." Gersten incorporated and attached her affidavit of disqualification to support her Civ.R. 60(B) motion.

**{¶11}** The trial court had not ruled on the Treasurer's November 2019 motion for default or Gersten's December 2019 Civ.R. 60(B) motion when, in September 2020, the Treasurer filed a motion asking the trial court to consider its pending motion for default judgment and alleging that the current amounts due for unpaid taxes, interest, penalties, and costs had increased to $9,909.46.

**{¶12}** There was no further activity on the case until March 2022.[1] In March 2022, the trial court denied Gersten's Civ.R. 60(B) motion on the grounds that, to prevail on such motion, Gersten would have to demonstrate a meritorious defense or entitlement to relief under Civ.R. 60(B)(1) – (5). Because Gersten's Civ.R. 60(B) motion failed to allege operative facts that would warrant relief under Civ.R. 60(B), the trial court denied it. The only ground for relief Gersten gave was that the trial court had denied the Civ.R. 12(B) motion without giving the Treasurer an opportunity to oppose it. Also in March 2022, the trial court granted the Treasurer's motion for default judgment against the defendants, found that the Treasurer had the first and best lien against the premises, ordered all of the defendants to pay the Treasurer the sum of $9,909.46, and ordered the sale of the premises by the sheriff if the payment was not made.

**{¶13}** Gersten appealed.

---

[1] Although there is no explanation for the lack of activity in the trial court record, we note that general disruption due to Covid-19 occurred in early 2020 and certain foreclosure and eviction moratoriums were instituted nationwide. Additionally, this appeal has been significantly delayed while the parties attempted mediation to resolve their dispute.

## II. ASSIGNMENTS OF ERROR

{¶14}   Gersten identified nine assignments of error for review:

I. The trial court errored [sic] as a matter of law and abused its discretion in failing to wait for the allowed time to pass for litigants to complete response and reply times before ruling on Defendant-Appellant Heidi Gersten's motion to dismiss and before being submitted to the judge for determination, pursuant to Ross County Court of Common Pleas local Rule 11.01 (2019) and failure to have a hearing on said motion as requested by the Defendant-Appellant Heidi Gersten in violation of United States Constitution and Ohio Constitution fair due process of law and rights to be heard.

II. The trial court errored [sic] and abused its discretion in failing to order the clerk of court to serve the parties with the denial of motion to dismiss the Defendant-Appellant Heidi Gersten written notice of said order nor was service made or entered on the docket as proof of service.

III. The Supreme Court of Ohio errored [sic] as a matter of law and abused its discretion in denying the Defendant-Appellant Heidi Gersten's affidavit of disqualification, as it was legally sufficient.

IV. The trial court errored [sic] as a matter of law and abused its discretion, filed on March 14, 2022, denying the Defendant-Appellant Heidi Gersten's motion filed on December 9, 2019, without hearing.

V. The trial clerk of court errored [sic] and abused its discretion by failing to serve a copy of the entry denying motion for relief from judgment filed March 14, 2022, and its date of entry upon all counsel of record and all parties not represented by counsel by personal service or if counsel is local by placing a copy in their box at the clerk's office or by U.S. Mail and to note service on the docket as ordered by the trial court judge.

VI. The trial court errored [sic] and abused its discretion when on March 14, 2022, it entered an entry of foreclosure and closing the case, leaving an appearance of a final judgment when all defendants were not served with a summons and a copy of the Plaintiff'-Appellee's [sic] complaint in accordance with law and stating that the Defendant-Appellant Heidi Gersten failed to defend the action when she was not served with previous orders nor were the orders docketed as served for proof of service and complying with the trial judge's order to serve said orders.

VII. The trial court errored [sic] and abused its discretion when on March 14, 2022, it ordered entry of foreclosure and an order of sale to be issued upon the filing of said entry without mediation prior or an evidentiary hearing to determine the costs alleged in the Plaintiff-Appellee's complaint.

VIII. The trial court errored [sic] and abused its discretion when the entry of foreclosure was approved by the Plaintiff-Appellee's attorney and not served on the Defendant-Appellant Heidi Gersten, depriving her of written notice and an opportunity to review and object to it.

IX. The trial clerk of court errored [sic] by failing to serve a copy of the entry of foreclosure filed on March 14, 2022, and its date of entry upon all counsel of record and all parties not represented by counsel by personal service or by U.S. Mail and to note service on the docket, as ordered by the trial judge.

## III. LEGAL ANALYSIS

### A. The Motion to Dismiss

{¶15}  In her first assignment of error, Gersten challenges several aspects of the trial court's decision to deny her Civ.R. 12(B) motion to dismiss. First, she contends that the trial court did not have jurisdiction to decide the motion because the court acted too quickly – before the time period in the local rule expired. Second, she contends that the trial court was required to hold an evidentiary hearing on her motion before it could rule on it.

#### 1.  The Timing of the Entry Denying the Motion to Dismiss

{¶16}   Gersten contends that the trial court did not have jurisdiction to review her motion because under Ross County Loc.R. 11.01 it was not "deemed submitted" to the court until the time for the Treasurer to oppose it and, if applicable, a reply had expired. She argues that because the trial court ruled on the motion before the time expired for the Treasurer to oppose it, the motion was not "submitted" to the trial court and therefore, the court lacked jurisdiction to rule on it and the entry is void.

{¶17}  Gersten's argument fails for several reasons. First, Gersten cites no legal authority to support her contention that the trial court "lacks jurisdiction" to issue a ruling on a motion before it has been "deemed submitted" by a local rule. "Local rules of court

are promulgated by and applied by local courts for the convenience of the local bench and bar. They do not implicate constitutional rights." *Smith v. Conley*, 109 Ohio St.3d 141, 2006-Ohio-2035, 846 N.E.2d 509, ¶ 9; *Wilmington Savings Fund v. Lautzenheiser*, 2019-Ohio-2389, 138 N.E.3d 673, ¶ 19 (5th Dist.) ("a trial court has discretion in regard to its enforcement of local procedural rules").

**{¶18}** Second, Ross County's Local Rule 11.01, which contains the "deemed submitted" language Gersten argues deprived the trial court of jurisdiction, has been replaced by Ohio Rules of Civil Procedure 6(C)(1), effective July 1, 2019 (and applicable to this case, which was filed September 2019) and provides:

> Responses to a written motion * * * may be served within fourteen days after service of the motion. * * *  A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

The 2019 staff notes to Civ.R.6(C) provides that:

> The provisions of Division (C)(1) supersede and replace the differing deadlines for responding to motions imposed by the numerous local rules of Ohio trial courts, thereby eliminating confusion and creating consistency by providing uniform statewide deadlines. The division establishes a twenty-eight-day deadline for service of responses to motions for summary judgment, and a fourteen-day deadline for service of responses to all other motions. A movant's reply to a response to any motion may be served within seven days after service of the response.

Civ. R. 6(C)(1) does not contain the "deems submitted" language which forms the crux of Gersten's jurisdictional argument. *See also Shamblin v. Bob Evans Farms, LLC,* 2nd Dist. Clark No. 2020-CA-4, 2020-Ohio-4238, ¶ 21-22.

**{¶19}** Third, the only party with standing to object to the trial court's ruling made prior to the Treasurer's objection is the Treasurer. Even then, the Treasurer would need to show prejudice. "Civ.R. 6 reflects the fact that '[f]undamental due process principles

require that each party have the opportunity to be heard prior to a trial court rendering a decision.' " (Brackets sic) *Henry Cty. Bank v. Toledo Radio, LLC,* 3rd Dist. Henry No. 7-21-09, 2022-Ohio-1360, ¶ 5, quoting *Equable Ascent Fin. v. Ybarra,* 9th Dist. Lorain No. 12CA010190, 2013-Ohio-4282, ¶ 6 (finding error when the trial court issued a ruling before a party's time to file a reply to the memorandum in opposition expired). Because Gersten can show no prejudice to her by the Treasurer's inability to file an objection to her motion and because she was not entitled to file a reply where no opposition was filed, any error in the trial court's timing of its ruling resulted in no prejudice to Gersten. *Natl. Collegiate Student Loan Tr. 2005-3 v. Dunlap*, 2018-Ohio-2701, 115 N.E.3d 689, ¶ 53-54 (4th Dist.) (finding that trial court's ruling on certain motions before the time under Civ.R. 6(C) and Ross Loc.R. 11.01 expired did not result in a void entry or violate appellant's right to due process where appellant failed to show that the trial court's error resulted in any prejudice).

### 2. Failure to Hold a Hearing on Civ.R. 12(B)(2) Motion

**{¶20}** Gersten argues that the trial court erred by not holding a hearing on her Civ.R. 12(B)(2) motion. Gersten filed a motion to dismiss and cited Civ.R. 12(B)(1)-(7), but in her memorandum in support she only argued that the trial court lacked personal jurisdiction over her pursuant to Civ.R. 12(B)(2) because she was not served with the summons and complaint. Because courts have long held that it is the substance of the motion and not its caption that determines its operative effects, we limit Gersten's motion to Civ.R. 12(B)(2)(lack of personal jurisdiction). *Lungard v. Bertram*, 86 Ohio App. 392, 395, N.E.2d 308, 310 (1st Dist.1949) ("the name given to a pleading or motion is not

controlling. It is the substance and not the caption that determines the operative effect of a filing").

{¶21} In her motion to dismiss, Gersten argued that the court did not have jurisdiction over her because she had not been properly served with the summons and complaint. "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, ¶ 27. "It is axiomatic that for a court to acquire jurisdiction there must be a proper service of summons or an entry of appearance, and a judgment rendered without proper service or entry of appearance is a nullity and void." *Blon v. Royal Flush, Inc.*, 2022-Ohio-1958, 191 N.E.3d 505, ¶ 15 (7th Dist.), citing *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956). Civ.R. 4.3 governs service of an out-of-state resident and provides that service of process may be made under Civ.R. 4.1(A)(1). *See* Civ.R. 4.3(B)(1). Civ.R. 4.1(A)(1) provides for service by United States certified mail:

> (a) Service by United States Certified or Express Mail. Evidenced by return receipt *signed by any person*, service of any process shall be by United States certified or express mail unless otherwise permitted by these rules. The clerk shall deliver a copy of the process and complaint or other document to be served to the United States Postal Service for mailing at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk as certified or express mail return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. (Emphasis added.)

{¶22} The docket shows that service was successfully completed upon Gersten by certified mail under Civ.R. 4.1(A)(1)(a). Gersten's own submission in support of her motion to dismiss failed to rebut the presumption that she had been properly served. Gersten attached an affidavit and an exhibit in which she testified that she was the owner of the property that was the subject of the foreclosure action, she had participated in

telephonic pretrial conferences in Ross County, Ohio, she engaged in repeated discussions with the Ross County Treasurer to resolve the tax dispute, and her proper mailing address where communications regarding the property taxes could be sent to her was 1438 W. Lantana Rd., Lantana, Florida, 33462, which is the same address on the auditor's record for tax mailings. According to the docket and supporting materials in the record, the Lantana, Florida address she gave to the Treasurer matched identically the address that certified mail service of the complaint and summons was successfully made. The trial court stated that it had reviewed the docket and the certified mail receipt which was returned signed and accepted and it reviewed Gersten's motion and the materials she submitted in support. Following a review of all the materials, the trial court denied her motion to dismiss and ordered her to file an answer within 14 days.

**{¶23}** Gersten testified in her affidavit that even though the certified mail was sent to her Lantana, Florida address, the person who signed for it, C. Henriksen, "is not authorized to accept process of service of a summons and complaint on my behalf." "Valid service of process is presumed when the envelope is received by any person at the defendant's address; *the recipient need not be an agent of the defendant*." (Emphasis added.) *New Co-Operative Co. v. Liquor Control Comm.*, 10th Dist. Franklin No. 01AP-1124, 2002-Ohio-2244, ¶ 8.

> The "any person" language in Civ.R. 4.1 is not limited to the defendant or its agents, but is a flexible concept construed broadly. *See Finnell v. Eppens*, S.D.Ohio No. 1:20-CV-337, 2021 WL 2280656, *5 (June 4, 2021) ("Ohio case law confirms that 'any person' should be understood broadly."); *Jardine v. Jardine*, 2d Dist. Montgomery No. 27845, 2018-Ohio-3196, 2018 WL 3814622, ¶ 8 ("Valid service of process is presumed when the envelope is received by any person ... [and] the recipient need not be the defendant or  an agent of  the defendant.")  (Internal  quotations omitted.); *Starr v. Ohio Dept. of Commerce Div. of Real Estate & Professional Licensing*, 10th Dist. Franklin No. 20AP-47, 2021-Ohio-2243,

> 2021 WL 2710381, ¶ 24 (same); *see also Brownfield v. Krupman*, 10th Dist. Franklin No. 14AP-294, 2015-Ohio-1966, 2015 WL 2452048, ¶ 16 ("Notably, Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf.").

*CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 2021-Ohio-3428, 178 N.E.3d 556, ¶ 9 (1st Dist.). Therefore, Gersten's contention that she did not give C. Henriksen authority to act as her agent to accept certified mail does not defeat the presumption of valid service.

**{¶24}** Gersten argues that the trial court's decision to deny her Civ.R. 12(B)(2) motion without a hearing violated "fundamental due process." However, she cited no legal authority to support her argument that the trial court was required to hold a hearing on her Civ.R. 12(B)(2) motion and there is no requirement that the trial court do so. *Kauffman Racing Equip.,* 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, at ¶ 27 (Civ.R. 12(B)(2) motion can be determined on written submissions); *Magnum Asset Acquisition, LLC v. Green Energy Techs., LLC*, 9th Dist. Summit No. 29789, 2022-Ohio-2247, ¶ 7 (trial court has discretion to rule upon a motion to dismiss for lack of personal jurisdiction with or without a hearing); *Fern Exposition Servs., L.L.C. v. Lenhof,* 1st Dist. Hamilton No. C-130791, 2014-Ohio-3246, ¶ 9 ("When a defendant moves to dismiss a case for lack of personal jurisdiction * * * The trial court may hold an evidentiary hearing and receive oral testimony or 'hear' the matter on the affidavits, depositions, and interrogatories."). Therefore, Gersten's argument that she was entitled to a hearing on her Civ.R. 12(B)(2) motion is without merit.

**{¶25}** We find no error in the trial court's entry denying Gersten's Civ.R. 12(B)(2) motion to dismiss. Gersten suffered no prejudice when the trial court ruled on the motion

without giving the Treasurer an opportunity to oppose it. Additionally, the trial court was not required to hold an evidentiary hearing on her motion – it can determine the matter on written submissions. Here, Gersten's own motion and supporting affidavit contained prima facie evidence that the trial court had personal jurisdiction over her.

**{¶26}** We overrule her first assignment of error.

### B. Clerk of Court Omissions

**{¶27}** In her second and fifth assignments of error, Gersten contends that the trial court erred by not ordering the clerk to serve parties with entries in the case and that the clerk of court erred by not making a notation of service on the docket.

**{¶28}** Gersten does not support these two assignments of error with any legal argument, authorities to support it, or citations to the record. App.R. 16(A)(7) requires "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." When an appellant fails to support an assignment of error as required by App.R. 16(A)(7), we may disregard the assignment of error under App.R. 16(A)(7) and App.R. 12(A)(2). *Robinette v. Bryant*, 4th Dist. Lawrence No. 14CA28, 2015-Ohio-119, ¶ 33; *State v. Taylor*, 2023-Ohio-1766, 215 N.E.3d 657, ¶ 62 (2d Dist.).

> Appellate courts possess discretion to disregard any assignment of error that fails to include citations to the authorities in support. App.R. 12(A)(2) specifically allows appellate courts to disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument. (Citations omitted.)

*Matter of Adoption of B.L.F.,* 4th Dist. Athens No. 20CA11, 2021-Ohio-1926, ¶ 36.

{¶29} Because she failed to comply with App.R. 16(A)(7), we disregard Gersten's second and fifth assignments or error.

## C. The Affidavit of Disqualification

{¶30} In her third assignment of error, Gersten contends that the Supreme Court of Ohio erred and abused its discretion when it denied her affidavit of disqualification of the trial judge. However, only the Chief Justice or the chief's designee can hear disqualification matters. *Beer v. Griffin*, 54 Ohio St.2d 440, 441–442, 377 N.E.2d 775 (1978) ("Since only the Chief Justice or [the chief's] designee may hear disqualification matters, the Court of Appeals was without authority to pass upon disqualification or to void the judgment of the trial court upon that basis"). Because a court of appeals lacks jurisdiction to review these decisions, we dismiss Gersten's third assignment of error. *Brown v. Schmidt*, 4th Dist. Ross No. 15CA3523, 2016-Ohio-2864, ¶ 18 (dismissing portion of the appeal seeking appellate review of denial of disqualification of trial judge).

## D. Failure to Hold Hearing on Civ.R. 60(B) Motion

{¶31} In her fourth assignment of error, Gersten contends that the trial court erred when it denied her Civ.R. 60(B) motion without holding a hearing on it. Gersten filed her Civ.R. 60(B) to set aside the entry denying her motion to dismiss the complaint for lack of personal jurisdiction. She submitted an affidavit in support of her Civ.R. 60(B) motion in which she stated that the trial judge lacked jurisdiction to rule on the motion and was biased against her. In her appellate brief she argues, "Fundamental due process of law includes at minimum, notice, a hearing, and an impartial judge."

**{¶32}** The Ohio Rules of Civil Procedure do not require a trial court to hold a hearing on a Civ.R. 60(B) motion. *Liberty Nursing Ctr. of Englewood, Inc. v. Valentine*, 2nd Dist. Montgomery No. 24685, 2012-Ohio-1096, ¶ 65.

> [I]f the Civ.R. 60(B) motion contains allegations of operative facts which would warrant relief from judgment, the trial court should grant a hearing to take evidence to verify those facts before it rules on the motion. Conversely, an evidentiary hearing is not required where the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B).

*State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 666 N.E.2d 1134, 1136 (1996). A trial court possesses discretion when determining whether to hold a hearing regarding a Civ.R. 60(B) motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). Here, the trial court denied Gersten's 60(B) motion without a hearing because it found that Gersten "has not alleged operative facts that would warrant relief under Civ.R. 60(B)."

**{¶33}** An appellate court will not reverse a trial court's decision regarding a Civ.R. 60(B) evidentiary hearing absent an abuse of discretion*. Struckman v. Bd. of Education of Teays Valley Local School Dist.*, 2019-Ohio-115, 128 N.E.3d 709, ¶ 19 (4th Dist.). "Abuse of discretion connotes an unreasonable, arbitrary, or unconscionable decision." *State ex rel. Stine v. Brown Cty. Bd. of Elections*, 101 Ohio St.3d 252, 2004-Ohio-771, 804 N.E.2d 415, ¶ 12. This standard is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court. *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

**{¶34}** To be entitled to a hearing, a movant must present operative facts to show all three of the following circumstances: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

**{¶35}** Here, Gersten sought to have the entry set aside that denied her Civ.R. 12(B)(2) motion to dismiss. Therefore, she needed to show operative facts supporting her claim that the trial court lacked personal jurisdiction over her because she was not properly served with the summons and complaint. However, nothing in her Civ.R. 60(B) motion or supporting affidavit stated any operative facts concerning personal service upon her. Rather, she made allegations of judicial bias and challenged the trial court's jurisdiction to make the ruling in the first instance. Thus, the trial court did not abuse its discretion in denying Gersten's Civ.R. 60(B) motion without a hearing.

**{¶36}** We overrule her fourth assignment of error.

### E. The Entry of Foreclosure

**{¶37}** Gersten's remaining assignments of error, six through nine, challenge various aspects of the trial court's entry of foreclosure. We will review her claims that the trial court erred in entering a default judgment entry of foreclosure against her because (1) she was not properly served with the summons and the complaint and (2) there was no evidentiary hearing held to determine the costs the Treasurer alleged was due. Our determination on these two issues renders moot her remaining assignments of error concerning the entry of foreclosure.

1. Default Judgment against Gersten

**{¶38}** In part of her sixth assignment of error, Gersten contends that it was not proper for the trial court to enter a default judgment entry of foreclosure against her because she was not properly served with the summons and complaint. However, we reviewed her challenge to personal jurisdiction based on improper service of the summons and complaint when we reviewed her first assignment of error in subsection (A)(2) of this decision. We found that Gersten's own motion and supporting affidavit, along with the docket and certified mail receipt contained in the record, constituted prima facie evidence that the trial court had personal jurisdiction over her. Additionally, although Gersten filed several motions and affidavits in the case, she never filed an answer or anything that would constitute a defense to the allegations in the complaint. Therefore, we find that the trial court properly determined that a default judgment entry was proper.

**{¶39}** We overrule her sixth assignment of error to the extent it raises an error based upon lack of personal jurisdiction arising from improper service of the summons and complaint.

2. Failure to Hold a Hearing on the Default Judgment

**{¶40}** In her seventh assignment of error, Gersten alleges the trial court erred in entering a default judgment entry of foreclosure without an evidentiary hearing to determine the amounts owed. "We review a trial court's decision to grant a motion for default judgment under an abuse-of-discretion standard. But unlike the initial decision to grant a default judgment, 'the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).' " *Dye v. Smith*, 189 Ohio App.3d 116,

2010-Ohio-3539, 937 N.E.2d 628, ¶ 7 (4th Dist.), quoting *Natl. City Bank v. Shuman,* 9th Dist. Summit No. 21484, 2003-Ohio-6116, ¶ 6.

**{¶41}** The Treasurer filed a foreclosure complaint under R.C. 5721.18(A) in September 2019 and alleged that Gersten was the owner of the subject property and that she owed delinquent taxes, penalties, special assessments, and interest in the sum of $6,822.19. The complaint listed two other parties as defendants because they had recorded mortgages in Gersten's property. The Treasurer asserted a first and best lien on the property, ahead of the other two mortgage holders, and asked for a sheriff sale of the property.  Several months later in November 2019, the Treasurer filed a motion for default judgment alleging that all the defendants had been properly served and none of them had filed answers, though it acknowledged that Gersten had appeared and filed a motion to dismiss. The memorandum in support reiterated the amount of the delinquency as set forth in the complaint in the sum of $6,822.19. However, in September 2020, the Treasurer filed a second motion asking the trial court to consider the Treasurer's earlier motion for default judgment. The Treasurer again acknowledged that Gersten had made an appearance in the case by filing a motion to dismiss and a subsequent Civ.R. 60(B) motion, "None of the parties with the exception of Heidi Gersten made an appearance * * *."  However, the Treasurer increased the amount it alleged Gersten was delinquent from $6,822.19 in the original complaint to $9,909,46.

**{¶42}** Civ.R. 55(A) governs default judgments and provides in relevant part:

**(A) Entry of Judgment.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; but no judgment by default shall be entered against a minor or an incompetent person unless represented in the action by a guardian or other such representative who

has appeared therein. ***If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court*** *to enter judgment or to carry it into effect, it is necessary to take an account or* ***to determine the amount of damages*** *or to establish the truth of any averment by evidence or to make an investigation of any other matter***, the court may conduct such hearings** *or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.* (Emphasis added.)

**{¶43}** Civ.R. 55(C) limits default judgments, " * * * In all cases a judgment by default is subject to the limitations of Rule 54(C)." Civ.R. 54(C) limits default judgments in its first sentence, which provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." *See Masny v. Vallo,* 8th Dist. Cuyahoga No. 84983, 2005-Ohio-2178, ¶ 15 ("Unlike the initial decision to grant a default judgment, however, the determination of the kind and maximum amount of damages that may be awarded is not committed to the discretion of the trial court, but is subject to the mandates of Civ.R. 55(C) and Civ.R. 54(C).").

**{¶44}** The concept behind a default judgment was explained by the Supreme Court of Ohio:

" '[a] default by a defendant * * * arises only when the defendant has failed to contest the allegations raised in the complaint and it is thus proper to render a default judgment against the defendant as liability has been admitted or "confessed" by the omission of statements refuting the plaintiff's claims. It is only when the party against whom a claim is sought fails to contest the opposing party's allegations by either pleading or "otherwise defend[ing]" that a default arises. This rule applies to original claims as well as to counterclaims (Civ.R. 55[C]), and is logically consistent with the general rule of pleading contained in Civ.R. 8(D), which reads in part that "[a]verments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." ' " (Brackets sic.)

*Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Ass'n*, 28 Ohio St.3d 118, 121, 502 N.E.2d 599, 602 (1986).

**{¶45}** Civ.R. 55(A) also makes a distinction between non-answering defendants who have not appeared in the case and those who have. The rule affords greater protection to those non-answering defendants who have made an appearance in the case and provides for notice and a hearing. *AMCA Intern. Corp. v. Carlton*, 10 Ohio St.3d 88, 91, 461 N.E.2d 1282 (1984) ("in keeping with the spirit of Civ.R. 55(A) in particular and with the Civil Rules in general. A notice requirement similar to the one in Civ.R. 55 has been described as follows: It is ' * * * a device intended to protect those parties who, although delaying in a formal sense by failing to file [timely] pleadings * * *, have otherwise indicated to the moving party a clear purpose to defend the suit.' ").

**{¶46}** "By its plain language, Civ.R. 55(A) prohibits a default judgment against a party who has 'appeared in the action' unless that party receives written notice of the application for judgment at least seven days prior to the hearing on the application. When the trial court fails to comply with Civ .R. 55(A), entry of default judgment is improper." *GMAC Mtge., L.L.C. v. Lee,* 10th Dist. Franklin No. 11AP-796, 2012-Ohio-1157, ¶ 9; *Deutsche Bank Natl. Tr. Co. v. Patrino*, 9th Dist. Summit No. 24183, 2008-Ohio-5235, ¶ 8-11 ("where the party against whom a motion for default is directed has appeared in the action, the motion for default may not be heard *ex parte* but, instead, can be determined only after a hearing of which seven days' advance notice is given").

**{¶47}** Here, the Treasurer conceded in its motion for default judgment that Gersten made an appearance in the case. Therefore, under Civ.R. 55(A), Gersten was entitled to notice and a hearing on the Treasurer's motion for default judgment.

**{¶48}** Additionally, we find that the trial court was required to hold a hearing to determine the proper amount of damages and to what extent the various defendants were liable for them. The Treasurer's complaint alleged a total tax delinquency of $6,822.19 against Gersten, the property owner. However, the entry of foreclosure found a total tax delinquency of $9,909.46 was owed. This additional damage amount was greater than the amount set forth in the complaint and was based upon the Treasurer's attorney's assertions in the September 2020 motion concerning the default judgment. However, the attorney who prepared the motion simply stated that $9,909.46 was now due – this sum was not supported by affidavit or other evidence. Additionally, the entry of foreclosure found *all defendants* liable for the total tax delinquency, even though two of the defendants were listed as parties in the complaint because they held an interest in the property as secured parties who held recorded mortgages. Relevant portions of the entry of foreclosure state, "There is due and owning from said Defendants, the costs of this action, plus current taxes, special assessments, penalties and interest, along with the sum of $9,909.46 * * * Therefore unless Defendants pay to the Plaintiff the sum of $9,909.46, that an Order of Sale shall be issued * * *." Thus, rather than determining the extent of each lienholder's interest and setting out priority of liens with respect to the Treasurer, Stanley, and Yireh & Nissi Investment, the entry of foreclosure makes those lienholders equally liable along with Gersten for the full tax delinquency of $9,909.46, even though no such claim was alleged against them in the complaint.

**{¶49}** We find that the trial court abused its discretion when it granted the Treasurer a default judgment entry of foreclosure against Gersten without giving notice and holding a hearing under Civ.R. 55(A) and it further erred as a matter of law in issuing

a judgment by default that is different in kind and exceeds the amount prayed for in the complaint.

> Civ.R. 55(C) provides that "[i]n all cases a judgment by default is subject to the limitations of Rule 54(C)." And under Civ.R. 54(C), "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "The primary purpose of Civ. R. 54(C)'s limitations on default judgments is to ensure that defendants are clearly notified of the maximum potential liability to which they are exposed, so that they may make an informed, rational choice to either: (1) enable a default judgment by not responding, or (2) invest the time and expense involved in defending an action." *Natl. City Bank* at ¶ 11, citing *White Oak Communities, Inc. v. Russell* (Nov. 9, 1999), Franklin App. No. 98AP–1563, 1999 WL 1009745; see also *Masny* at ¶ 18.

*Dye v. Smith*, 189 Ohio App.3d 116, 2010-Ohio-3539, 937 N.E.2d 628, ¶ 8 (4th Dist.); see also *First Natl. Bank of Bellevue v. NE Port Invests., L.L.C.,* 6th Dist. Ottawa No. OT-14-027, 2015-Ohio-558, ¶ 20-23.

**{¶50}** We sustain Gersten's seventh assignment of error.

### F. The Remaining Assignments of Error

**{¶51}** We have sustained Gersten's seventh assignment of error, which means that the entry of foreclosure entered March 14, 2022 is reversed and vacated and the cause remanded to the trial court for a notice and hearing in accordance with Civ.R. 55(A). Because the entry of foreclosure is vacated, Gersten's assignments of error related to the service, docketing, approval process, and clerk's duties with respect to the entry of foreclosure are moot. Thus, the second part of her sixth assignment of error in which Gersten complains about the clerk's docketing and mailing procedures for the entry of foreclosure is moot, as is her eighth and ninth assignments of error.

### G. The Treasurer's Request for Remand

{¶52}  In its appellee brief, the Treasurer contends that Gersten paid the Treasurer $10,500 during the pendency of the appeal, which constitutes a satisfaction of judgment. The Treasurer renewed its previous motion that it made to this court in July 2023 for a remand to the trial court so that "the parties can enter an Entry to that Effect."

{¶53}  The Treasurer previously filed a motion to remand in our court on July 28, 2023, in which it made the same argument.  We reviewed the matter and determined that Gersten's $10,500 payment was not a payment to the Treasurer for amounts owed on delinquent taxes but appeared to be a supersedeas bond. See Entry, September 14, 2023. We made that determination after reviewing the following bond-related filings in the trial court. On December 6, 2022, Gersten filed a motion for stay pending appellate review with the trial court. In her motion, Gersten stated that the parties were involved in mediation with the appellate court mediator and that she had "paid the Plaintiff $10,500 in a good faith effort to resolve issues."  The trial court responded to Gersten's motion for a stay by acknowledging that Civ.R. 62(B) allows the trial court to grant a stay if the defendant gives an adequate supersedeas bond. The trial court acknowledged that Gersten had stated she had paid the Treasurer $10,500 and it noted that the "purpose of a supersedeas bond is the set aside of money or surety from which the opposing party may be made whole." The trial court directed the Treasurer "to advise the Court in writing within 14 days whether Plaintiff considers Defendant's payment of $10,500 sufficient to constitute a supersedeas bond for purposes of Ohio Civil Rule 62(B). If so, the stay will be granted without further hearing and without additional evidence of bond from Defendant." The Treasurer responded in a filing captioned, "Notification of Supersedeas

Bond" and stated "Plaintiff, by and through Counsel, hereby advises this Court that Defendant's payment of $10,500 constitutes a supersedeas bond sufficient for purposes of Ohio Civil Rule 62(B)." We find it significant that the Treasurer did not respond by informing the trial court that the $10,500 was not a bond, but instead was a payment that constitutes full satisfaction of judgment of the $9,909.46 default judgment.

{¶54} Our determination that Gersten's $10,500 payment was a supersedeas bond was based on the Treasurer's filing which explicitly stated that Gersten's payment constituted a supersedeas bond, not a payment in satisfaction of judgment.

{¶55} The Treasurer also argues that the payment was a satisfaction of judgment rather than a supersedeas bond, because it "was made directly to the Ross County Treasurer, rather than the Clerk of Courts." However, a supersedeas bond can be payable to the appellee unless the trial court directs otherwise. *See* R.C. 2505.14. A supersedeas bond "is a bond posted on an appeal by an unsuccessful litigant in a trial court action." *Richard L. Bowen & Assoc., Inc. v. 1200 W. Ninth Street L.P.,* 107 Ohio App.3d 750, 753, 669 N.E.2d 500 (8th Dist.1995). R.C. 2505.14 states, in relevant part, as follows:

> ***A supersedeas bond shall be payable to the appellee*** or otherwise, as may be directed by the court, when the conflicting interests of the parties require it, and shall be subject to the condition that the appellant shall abide and perform the order, judgment, or decree of the appellate court and pay all money, costs, and damages which may be required of or awarded against him upon the final determination of the appeal and subject to any other conditions that the court provides. (Emphasis added.)

{¶56} Here, Gersten's payment of the $10,500 supersedeas bond to the Treasurer stayed further action on the foreclosure sale of her property until the appeal ended. It served as a guarantee that the Treasurer would have payment if the foreclosure decree

was not reversed on appeal. However, we have reversed the entry of foreclosure on appeal. Any further motions concerning the use or return of the supersedeas bond is within the trial court's jurisdiction, not the appellate court. *Tuteur v. P. & F. Enterprises, Inc.*, 21 Ohio App.2d 122, 127, 255 N.E.2d 284 (8th Dist.1970) (the municipal court ordered the bond and thus has jurisdiction over assessments or its release); *see also First Natl. Bank v. Randal Homes Corp.*, 4th Dist. Pike No. 05CA739, 2005-Ohio-6129, ¶ 13 ("Only the person or entity who posted a bond has a beneficial interest in its release and standing to maintain an action for release of the bond").

**{¶57}** For these reasons we deny the Treasurer's second request for remand made in its appellee brief.

## IV. CONCLUSION

**{¶58}** We overrule appellant's first, fourth, and part of her sixth assignments of error, we disregard her second and fifth assignments of error for failure to comply with App.R. 12 and 16, we dismiss for lack of jurisdiction her third assignment error, and we dismiss as moot the remaining part of her sixth assignment of error and her eighth and ninth assignment of error. We sustain her seventh assignment of error, reverse the trial court's judgment, vacate the entry of foreclosure, and remand for a hearing in accordance with Civ.R. 55(A).

> JUDGMENT REVERSED, ENTRY OF
> FORECLOSURE VACATED, AND
> CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED, ENTRY VACATED, AND CAUSE REMANDED. Appellee shall pay costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court



BY: _____
        Michael D. Hess, Judge




### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**